IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:15-CV-521-FL

| | |
|---|---|
| ARTHUR DONALD DARBY, JR., | ) |
| Plaintiff, | ) |
| v. | ) **ORDER and** |
| | ) **MEMORANDUM AND** |
| | ) **RECOMMENDATION** |
| ARTHUR DARBY, SR., *et al.*, | ) |
| Defendants. | ) |

This pro se case is before the court on the motion (D.E. 4) by plaintiff Arthur Donald Darby, Jr. ("plaintiff") to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1) and for a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). These matters were referred to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), respectively.

**Order on Motion to Proceed *In Forma Pauperis***

The court finds that plaintiff has demonstrated appropriate evidence of inability to pay the required court costs. The motion to proceed in *forma pauperis* is therefore ALLOWED.

**Memorandum and Recommendation on Frivolity Review**

Following the allowance of *in forma pauperis* status, the court must conduct a frivolity review of the case and dismiss it if it is found to be frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see Denton v. Hernandez*, 504 U.S. 25, 27 (1992) (standard for frivolousness). Although in evaluating frivolity a pro se plaintiff's pleadings are held to "less stringent standards" than those drafted by attorneys, *White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989), the court is not required to accept a pro se plaintiff's contentions as true, *Denton*, 504 U.S. at 32. Instead, the court is permitted to "pierce the veil of the complaint's factual

allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Such baseless claims include those that describe "fantastic or delusional scenarios." *Id.* at 328. Provided that a plaintiff's claims are not clearly baseless, the court must weigh the factual allegations in plaintiff's favor in its frivolity analysis. *Denton*, 504 U.S. at 32. The court must read the complaint carefully to determine if a plaintiff has alleged specific facts sufficient to support the claims asserted. *White*, 886 F.2d at 724.

In his proposed complaint, plaintiff, an adult,[1] purports to assert a claim against defendants Arthur Darby, Sr., his father, and the North Carolina Department of Health and Human Services, Division of Social Services, Child Support Enforcement for unpaid child support pursuant to 18 U.S.C. § 228. Compl. (D.E. 1 at pp. 1-3) 1, 2. Section 228 is a criminal statute dealing with failure to pay legal child support obligations. It does not create a private right of action. *Salahuddin v. Alaji*, 232 F.3d 305, 312 (2d Cir. 2000).[2] Plaintiff's proposed complaint therefore fails to state a claim upon which relief may be granted.

IT IS THEREFORE RECOMMENDED that this action be DISMISSED in its entirety with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

IT IS DIRECTED that the Clerk serve a copy of this Oder and Memorandum and Recommendation on plaintiff. Plaintiff shall have until 27 October 2016 to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the

---

[1] A purported copy of plaintiff's birth certificate (D.E. 1 at p. 4) attached to the proposed complaint indicates that as of the date the proposed complaint was filed plaintiff was 33 years old.

[2] State law claims for child support are generally subject to the domestic relations exception to federal jurisdiction. *See Cole v. Cole*, 633 F.2d 1083, 1088 (4th Cir.1980) (including child support cases among those that "fall directly into the specialized category of true domestic relations cases").

determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

This 13th day of October 2016.

                                                                                          _____
                                                                                          James E. Gates
                                                                                          United States Magistrate Judge